UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES NORBERT NAPIER, JR.,

               Petitioner,

v.

JUANITA BOCANEGRA,

               Respondent.

_____/

Case No. 1:24-cv-705

Honorable Robert J. Jonker

## **OPINION**

This is a habeas corpus action brought by a county prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

### I.     Factual Allegations

Petitioner James Norbert Napier, Jr., is incarcerated at the Ottawa County Jail in West Olive, Michigan. Following a bench trial in the Ottawa County District Court, Petitioner was convicted of traveling without insurance. (Am. Petition, ECF No. 8, PageID.17.) On June 14, 2024, the Ottawa County District Court sentenced Petitioner to serve 180 days in county jail.

On June 30, 2024, Petitioner filed his habeas corpus petition.[1] Petitioner's original petition consisted of a handwritten letter-petition addressed to the Chief United States District Judge of this Court. (Petition, ECF No. 1.) In an order entered on July 25, 2024, the Court directed Petitioner to file an amended petition on the form petition provided by this Court, explaining that when he filed his original petition, "Petitioner failed to file his petition on the requisite form" and "failed to indicate the conviction(s) and sentence(s) he wishe[d] to challenge in his federal habeas proceedings." (Order, ECF No. 5, PageID.11.) In response, Petitioner filed an amended petition on the proper form. (Am. Petition, ECF No. 8.)

The amended petition, which Petitioner filed pursuant to 28 U.S.C. § 2254, raises the following grounds for relief.

    I.     "My appeal is based on the Fourth Amendment (due process) . . . . Petitioner has the right to a signed, notarized first person affidavit, filed and attached to the complaint or the hearing instrument/etc. on the same day at the same time. And Article I, Section 8, Clause 3 must be a carrier for hire at the time of infraction."

    II.    "The Commerce Clause limits traffic issues[] to actual driving issues but not to carriers for hire."

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not supply that date. However, Petitioner signed his original application on June 30, 2024, and the Court uses that date as the filing date. (Petition, ECF No. 1, PageID.1.)

III.   "Was not allowed to speak to the fact that I was not allowed to speak on the record about anything."

(*Id.*, PageID.21–24.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner states that he did not appeal his conviction and sentence because an unspecified "court refused to reply," his counsel "refused to answer all messages," and he was not "supplied with the means to mount an effective appeal" because he had "no computer lab, printer, or even access to a typewriter."[2] (Am. Petition, ECF No. 8, PageID.18–22.) Petitioner also admits

---

[2] The Court notes that Petitioner has been able to submit various filings in this Court, and Petitioner fails to explain, and the Court fails to discern, why he would not be able to submit filings in state court.

that he has not raised the grounds for relief set forth in the present habeas action in a direct appeal in any of the applicable Michigan state courts. (*Id.*, PageID.18–19.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Petitioner may file a direct appeal to the Michigan Court of Appeals. *See* Mich. Ct. R. 7.204(A)(2); 7.205(A)(2)(a). If Petitioner does so, he must then seek leave to appeal any decision by the Michigan Court of Appeals to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

It appears that Petitioner may have turned to this Court because of the short sentence imposed by the state court. The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Ordinary delay in proceeding through the state courts, however, does not warrant excusing the exhaustion requirement.

The Sixth Circuit has recently made clear that "delay, standing alone, has never been enough" to excuse the exhaustion requirement. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022). Delay appears to be Petitioner's concern—not that the state court would take longer than it should to decide Petitioner's claims, but that, by the time Petitioner proceeded through the Michigan Court of Appeals and the Michigan Supreme Court, his request would be moot because his sentence would have been served in its entirety. That sort of delay is simply inherent in the

exhaustion requirement; it does not warrant excusing the requirement. *See, e.g.*, *Kyte v. Warden, Hamilton Cnty. Justice Ctr.*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." (internal quotation marks omitted)); *Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention . . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion." (internal quotation marks and citations omitted)).

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. Petitioner's habeas petition is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner has not yet appealed his conviction and sentence to the Michigan Court of Appeals.

Where a petitioner fails to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See id.* § 2244(d)(1)(A) (setting forth that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). Petitioner may file a delayed application for leave to appeal in

the Michigan Court of Appeals until six months after the date his judgment of sentence was entered. *See* Mich. Ct. R. 7.205(G)(3). Thus, his period of limitation has not yet started running.

The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to take the steps necessary to return to the state courts to exhaust his remedies, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.

## III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies and denying a certificate of appealability.

Dated:   <u>September 24, 2024</u>          <u>/s/ Robert J. Jonker</u>
                                         Robert J. Jonker
                                         United States District Judge